RECEIVED
IN ALEXANDRIA, LA

NOV 15 2010

TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

**MARVIN MITCHELL WILLIAMSON, JR.**   DOCKET NO. 10-CV-1319; SEC. P

**VERSUS**   JUDGE DEE D. DRELL

**CHARLES E. BOURG, II**   MAGISTRATE JUDGE JAMES D. KIRK

### REPORT AND RECOMMENDATION

Before the court is the civil rights complaint (42 U.S.C. § 1983) of Plaintiff Marvin Mitchell Williamson, Jr., filed pro se and *in forma pauperis*. Plaintiff is incarcerated at the River Correctional Center in Ferriday, Louisiana. He names as defendant his former attorney Charles E. Bourg, II.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of this Court.

### STATEMENT OF THE CASE

Plaintiff claims that his former attorney, Mr. Bourg, was incompetent, negligent or otherwise misleading in his representation of Plaintiff in a civil and criminal matter. He alleges that Mr. Bourg withheld documents and lied to Plaintiff.

### LAW AND ANALYSIS

I.  **Frivolity Review**

When a prisoner sues an officer or employee of a governmental entity pursuant to 42 U.S.C. §1983, the court must evaluate the complaint and dismiss it without service of process if it is frivolous, malicious, fails to state a claim upon which relief can

be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C.1915A; 28 U.S.C.1915(e)(2); <u>Ali v. Higgs</u>, 892 F.2d 438, 440 (5th Cir. 1990). A claim is frivolous if it lacks an arguable basis in law or in fact. <u>Booker v. Koonce</u>, 2 F.3d 114, 115 (5th Cir.1993); <u>Denton v. Hernandez</u>, 504 U.S. 25 (1992). A civil rights complaint fails to state a claim upon which relief can be granted if it appears that no relief could be granted under any set of facts that could be proven consistent with the allegations of the complaint.

A hearing need not be conducted for every pro se complaint. <u>Wilson v. Barrientos</u>, 926 F.2d 480, 483 n. 4 (5th Cir. 1991). A district court may dismiss a prisoner's civil rights complaint as frivolous based upon the complaint and exhibits alone. <u>Green v. McKaskle</u>, 788 F.2d 1116, 1120 (5th Cir.1986). District courts must construe in forma pauperis complaints liberally, but they are given broad discretion in determining when such complaints are frivolous. <u>Macias v. Raul A. (Unknown) Badge No. 153</u>, 23 F.3d 94, 97 (5th Cir.1994).

## II. State Actor

Plaintiff filed suit under 42 U.S.C. §1983; however, his complaint clearly fails to state a claim for which relief may be granted. "In order to recover under §1983, a plaintiff must prove (1) that he was deprived of a federally protected right, and (2) that the deprivation occurred under color of state law." <u>Flagg</u>

2

Bros., Inc. v. Brooks, 436 U.S. 149, 155 (1978).

In order to prove the deprivation of a right protected by Constitution, a plaintiff must prove **state action**. See Doe v. Rains County Indep. Sch. Dist., 66 F.3d 1402, 1406 (5th Cir.1995). The plaintiff may satisfy the "under color of state law" requirement by proving that the conduct causing the deprivation is "fairly attributable to the State," which means proof (1) that the deprivation was caused by the exercise of a state-created right or privilege, by a state-imposed rule of conduct, or by a person for whom the state is responsible, and (2) that the party charged with the deprivation may be fairly described as a "state actor." Landry v. A-Able Bonding, Inc., 75 F.3d 200, 203-04 (5th Cir. 1996) (citing Lugar v. Edmondson Oil Co., 457 U.S. 922, 937 (1982)).

The acts complained of by Plaintiff were the result of the action and/or inaction of **a private attorney**, who was not acting under color of state law. "[P]rivate attorneys, even court-appointed attorneys, are not official state actors, and generally are not subject to suit under section 1983." See Mills v. Criminal Dist. Court No. 3, 837 F.2d 677, 678 (5th Cir.1988).

In short, to the extent that Plaintiff's complaint purports to arise under the provisions of 42 U.S.C. §1983, it clearly fails to state a claim for which relief may be granted and is frivolous.

Accordingly,

**IT IS RECOMMENDED** that Plaintiff's civil rights complaint be

**DISMISSED WITH PREJUDICE** for failing to state a claim on which relief may be granted in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B).

Under the provisions of 28 U.S.C. §636(b)(1)(C) and Fed.R.Civ.Proc. 72(b), parties aggrieved by this recommendation have fourteen (14) business days from service of this report and recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.

**Failure to file written objections to the proposed factual finding and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See Douglas v. United Services Automobile Association, 79 F.3d 1415 (5th Cir. 1996).**

**THUS DONE AND SIGNED** at Alexandria, Louisiana, this 15th day of November, 2010.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE